IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAWN ARLENE PHIPPIN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-935-CFC |
| GEORGE MOORE, et al., | : |
| Defendants. | : |

Dawn Arlene Phippin, Delores J. Baylor Women's Correctional Institution, New Castle, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 21, 2020
Wilmington, Delaware

*/s/ Col. J. C.*

**CONNOLLY, U.S. District Judge:**

### I. INTRODUCTION

Plaintiff Dawn Arlene Phippin ("Plaintiff"), an inmate at Delores J. Baylor Women's Correctional Institution in New Castle, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) She also requests counsel. (D.I. 5) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

### II. BACKGROUND

For purposes of this review and screening, the Court accepts as true the allegations in Plaintiff's Complaint. According to the Complaint, Plaintiff has a "diabetic toe" that has been in horrible shape since November 14, 2019. (D.I. 3 at 5) Plaintiff alleges that she has been provided treatment for the condition, but the treatment has nothing to do with her diabetic condition. (*Id.*)

The remainder of the allegations appear to concern Plaintiff's disability claim and/or award of benefits from Defendant Social Security Administration ("SSA"). Plaintiff alleges that she made Defendant George William Moore ("Moore") her power of attorney so that he could oversee her medical SSI (*i.e.*, supplemental security income) and mental health. (*Id.* at 6) She accuses Moore of mental and sexual harassment and abandonment. (*Id.* at 6, 7) Plaintiff alleges that Defendant Myler Disability, Inc. ("Myler Disability")[1] did not carry through with Moore for SSI and mental health disabilities for Plaintiff. (*Id.*) Plaintiff's understanding is that she was approved for current benefits and

---

[1] Myler Disability is a nationwide firm that represents individuals who seek Social Security disability benefits. *See* www.mylerdisability.com (last visited Dec. 21, 2020).

back pay. (*Id.*) Plaintiff alleges that she spoke to several people at SSI Disability (presumably the SSA) and was told an evaluation was required. (*Id.*) Plaintiff indicates that an evaluation is expensive and she has received nothing. (*Id.*)

In her prayer for relief Plaintiff asks for "action taken" against each defendant, a different power of attorney, and SSI and disability back pay. (*Id.* at 8).

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112

2

(3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient

3

to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. State Actors

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3 at 2) Two of the four named defendants are Moore and Myler Disability. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).

4

To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Neither of these two defendants are state actors. Moore is an individual who has Plaintiff's power of attorney and Myler Disability is a firm that assists individuals with Social Security disability claims. There are no allegations that either defendant acted under color of law. Accordingly, the claims against Moore and Myler Disability will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

**B.     Sovereign Immunity**

Plaintiff appears to allege that the SSA violated her civil rights.[2] Any claims against the SSA are barred by sovereign immunity.

As an agency of the United States, the SSA enjoys sovereign immunity from suit absent consent, and the existence of consent constitutes a prerequisite for jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") 42 U.S.C. § 405(g) contains a limited waiver of the SSA's sovereign immunity and specifically permits suits challenging final decisions of the SSA in connection with social security eligibility and benefits determinations. *See* 42 U.S.C. § 405(g) (providing that

---

[2] Plaintiff filed this matter as a § 1983 action. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.

5

federal court jurisdiction is limited to "affirming, modifying, or reversing the [final] decision of the Commissioner").

Liberally construing the Complaint, as the Court must, it does not challenge any final decision of the SSA. Moreover, 42 U.S.C. § 405(g) contains no waiver of the SSA's immunity from alleged civil rights violations that Plaintiff appears to allege.

Finally, as pled, the Court can discern no plausible cause of action against the SSA. Plaintiff merely appears that she spoke to individuals at the SSA who gave her information and/or advice. Such actions do not rise to the level of a constitutional violation.

Accordingly, the claim against the SSA will be dismissed as frivolous and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2) (B)(i) and (iii) and § 1915(A)(b)(1) and (2).

### C. Medical

Plaintiff alleges that Defendant Centerion Medical, Inc. ("Centerion"), the Delaware Department of Correction contract health care provider, is not providing appropriate care for her diabetic toe. A prison official's "deliberate indifference to serious medical needs of prisoners" is a kind of cruel and unusual punishment "proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Brown v. Plata*, 563 U.S. 493, 511 (2011) (when a prison deprives a prisoner of adequate medical care, Courts have a responsibility to remedy the resulting Eighth Amendment violation); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (under the Eighth Amendment prisons officials must ensure inmates receive adequate medical care).

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). Also, an inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. Also, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Finally, when a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, the plaintiff must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that Centerion is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty.y Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation

7

under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

Even when reading the Complaint in the most favorable light to Plaintiff, she fails to state an actionable constitutional claim against Centerion for deliberate indifference to a serious medical need. At most, the allegations speak to negligence and not deliberate indifference to a serious medical need. Moreover, the Complaint does not refer to any custom or policy to demonstrate deliberate. The medical needs claim will be dismissed pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## V.   CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's request for counsel (D.I. 5) and (2) dismiss the Complaint as legally frivolous and based upon immunity from suit pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). The Court finds amendment futile.

An appropriate order will be entered.